NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR RODRIGO MENDOZA-MONTEJO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    17-70685

Agency No. A206-245-604

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before:  SILER,[***] S.R. THOMAS, and CALLAHAN, Circuit Judges.

Salvador Rodrigo Mendoza-Montejo, a Guatemalan citizen and member of

that country's Mayan Jakaltek indigenous minority, timely petitions for review of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the Board of Immigration Appeals' decision to uphold the denial of his application for asylum and withholding of removal. We deny the petition.

**I**

An immigration judge ("IJ") found that Mendoza-Montejo credibly testified about his life at his immigration hearing. Mendoza-Montejo stated that he was born in 1972 and grew up during the Guatemalan Civil War.

In 1981, Guatemalan soldiers accused Mendoza-Montejo's father of supporting rebels. The soldiers beat his mother, and forced Mendoza-Montejo and his family to watch two indigenous leaders be executed. The family fled to Mexico, before returning years later to Guatemala.

In 1992, Mendoza-Montejo's older brother was murdered. A note threatening Mendoza-Montejo and his younger brother was attached to the body. Mendoza-Montejo suspects that government soldiers were responsible. He fled to Mexico with his younger brother but returned to Guatemala in 1994.

In May 2001, Mendoza-Montejo unlawfully entered the United States for the first time. He did not apply for immigration relief.

In 2008, he returned to Guatemala. He and other indigenous landowners fought to stop the Guatemalan government from seizing their land. In one incident, Mendoza-Montejo and his fellow landowners fled from 100 pro-government supporters who were throwing rocks. Soon after, Mendoza-Montejo and his wife

2

received death threats.

In 2013, U.S. immigration officials caught Mendoza-Montejo attempting to unlawfully re-enter the United States and the Department of Homeland Security initiated removal proceedings. Mendoza-Montejo admitted to DHS's allegations and conceded removability. He applied for asylum, withholding of removal, and protection under the Convention Against Torture.

## II

To be eligible for asylum, an asylum applicant must be "unable or unwilling to return to, and . . . unable or unwilling to avail himself or herself of the protection of, [his or her home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Applicants can generally use past persecution they have experienced to show "persecution" or "a well-founded fear of persecution" under this standard. 8 C.F.R. § 1208.13(b)(1); *see Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir. 2001) ("A finding of past persecution raises the presumption that an asylum-seeker has a well-founded fear of future persecution . . . ."). But past persecution cannot be used as the basis for asylum eligibility if "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" in the home country." 8 C.F.R. § 1208.13(b)(1)(i)(A). In the absence

of past persecution, applicants can establish "a well-founded fear of persecution" by showing that "their fear [is] both objectively reasonable and subjectively genuine." *Reyes-Guerrero v. INS*, 192 F.3d 1241, 1244 (9th Cir. 1999).

### III

3. The IJ denied Mendoza-Montejo's application for asylum. The IJ found that Mendoza-Montejo had suffered past racial persecution by the Guatemalan government. But the IJ noted that there had been a fundamental change in the conditions in Guatemala, including the end of the Guatemalan Civil War in 1996, such that this past persecution did not alone establish eligibility for asylum. The IJ found that Mendoza-Montejo genuinely feared persecution, but this fear was not objectively reasonable, in part because Mendoza-Montejo's wife and children live in Guatemala without suffering harm and because he had voluntarily returned to Guatemala three times.

Mendoza-Montejo appealed to the BIA. The BIA reviewed the findings of fact in the IJ's decision for clear error and reviewed all other issues de novo. *See* 8 C.F.R. § 1003.l(d)(3). It adopted the IJ's conclusions and determined that Mendoza-Montejo had not established eligibility for asylum or satisfied the higher standard required for withholding of removal.

### IV

Mendoza-Montejo timely appealed to this court. We have jurisdiction to

4

review the BIA's decision. 28 U.S.C. § 1252(a). When the "BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review the BIA's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under this standard, the BIA's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997).

On appeal, Mendoza-Montejo argues that the IJ erred by not explicitly addressing Mendoza-Montejo's experiences regarding land seizure. The BIA agreed that the IJ had not explicitly determined that Mendoza-Montejo's past disputes regarding indigenous land ownership did not provide a basis for asylum eligibility. But the BIA noted that the IJ had adequately addressed this issue by providing related findings of fact. Under de novo review, the BIA considered these experiences and held that they did not amount to persecution. Mendoza-Montejo's argument thus received due consideration.

Mendoza-Montejo also attacks the IJ's and BIA's assessment of evidence. He argues that the IJ failed to adequately consider the rarity of legal victories for indigenous people, the impact of systematic persecution on the indigenous community, and the specific experiences Mendoza-Montejo had relating to his land

ownership. But the record shows that the IJ considered these issues, even acknowledging the discrimination that indigenous Guatemalans still face and weighing that against evidence of recent changes.

Mendoza-Montejo further argues that the IJ and BIA should not have considered that Mendoza-Montejo's father and wife have continued to live in Guatemala on their land without being harmed, or that he returned to Guatemala voluntarily three times. But it was appropriate for the IJ to look to Mendoza-Montejo's family's experiences, *see Malty v. Ashcroft*, 381 F.3d 942, 948 (9th Cir. 2004) (looking to treatment of similarly situated family members to assess objective fear of persecution), and weigh Mendoza-Montejo's return trips as one of several factors in evaluating his well-founded fear of future persecution, *see Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005) ("[R]eturn trips can be considered as one factor, among others, that rebut [the] presumption" of a well-founded fear of future persecution).

In sum, Mendoza-Montejo has not satisfied his burden to show that "any reasonable adjudicator would be compelled" to reach different conclusions than those reached by the IJ and BIA regarding his asylum eligibility. *See* 8 U.S.C. § 1252(b)(4)(B).

## V

Victims of past persecution who have not established asylum eligibility due

to improved conditions in their home country may still qualify for a discretionary grant of asylum. To obtain this relief, sometimes referred to as "humanitarian asylum," an applicant must "demonstrate[] compelling reasons for being unwilling or unable to return to the [home] country arising out of the severity of the past persecution," or "establish[] that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(l)(iii). This relief is "reserved for rare situations of 'atrocious' persecution, where the [applicant] establishes that, regardless of any threat of future persecution, the circumstances surrounding the past persecution were so unusual and severe that he is unable to return to his home country." *Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999).

Mendoza-Montejo argues that the IJ and BIA erred because, in their assessment of his eligibility for discretionary humanitarian asylum, they did not adequately consider systemic persecution and long-term psychological harm Mendoza-Montejo was exposed to during the Guatemalan Civil War. The IJ and BIA considered this evidence. That they concluded that Mendoza-Montejo's circumstances did not constitute "atrocious persecution" is not an abuse of discretion. *See Singh v. Whitaker*, 914 F.3d 654, 664 (9th Cir. 2010) (applying abuse of discretion standard).

## VI

In sum, under the deferential standards that apply, Mendoza-Montejo has not shown that he is entitled to the immigration relief he seeks. The petition is **DENIED**.